UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOSEPH NASTASI,

CV-12-   PLAINTIFF   COMPLAINT

AMON, CH   2369

ECF CASE

-AGAINST-

SUMMONS ISSUED

NEW YORK CITY and POLICE OFFICER MIKE CIVIL,
individually, and in his capacity as a member of the New
York City Police Department.

FILED
IN CLERK'S OFFICE
BLOOM, M.  US DISTRICT COURT E.D.N.Y.
★ MAY 1  2012  ★

DEFENDANT.

BROOKLYN OFFICE
FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 1 2 2012 ★

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT   BROOKLYN OFFICE

1. This is a civil action in which plaintiff, Mr. Joseph Nastasi ("Mr. Nastasi"), seeks

   relief for the violation of his rights secured by 42 USC 1983, the Fourth and

   Fourteenth *Amendments to the* United States Constitution.

2. The claim arises from an incident that occurred on or about September 2, 2011, in

   which an officer of the New York City Police Department ("NYPD") acting under

   color of state law, intentionally and willfully subjected Mr. Nastasi to *inter alia,*

   malicious prosecution and false arrest.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against

   defendant and an award of costs and attorneys' fees, and such other and further relief

   as this Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.  Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6.  Plaintiff Mr. Nastasi is a United States citizen and at all times here relevant resided at 112 Spring Drive, East Meadow, New York.

7.  New York City is a municipal corporation organized under the laws of the state of New York.

8.  Police Officer Mike Civil ("PO Civil") at all times here relevant was a member of the NYPD, and is sued in his individual and professional capacity.

9.  At all times mentioned, defendant was acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Nastasi is 34 years old and is a school teacher in Brooklyn, New York.

11. On or about September 2, 2011, Mr. Nastasi was giving a ride home to a friend ("Mr. Lichtman") after playing basketball.

12. Mr. Nastasi was in the driver's seat and Mr. Lichtman was in the passenger's seat.

13. Mr. Nastasi parked his car outside of 1861 East 12th Street, Brooklyn, New York.

14. PO Civil approached Mr. Nastasi's parked car.

15. As PO Civil approached, Mr. Lichtman removed two plastic bags of marihuana from his pocket and threw them on the floor on the passenger's side of the car.

16. Mr. Nastasi did not know that Mr. Lichtman was in possession of the bags of marihuana.

17. At no time was Mr. Nastasi ever in possession or even in contact with the bags of marihuana.

18. PO Civil, without probable cause or legal justification, arrested Mr. Nastasi.

19. Mr. Nastasi was taken to the 66th Precinct and was charged with Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana.

20. Mr. Nastasi was given a Desk Appearance Ticket.

21. On or about October 1, 2011, Mr. Nastasi consented to a six-month Adjournment in Contemplation of Dismissal.

22. Mr. Nastasi continues to feel traumatized by the events of September 2, 2011, and is wary and fearful when he sees police officers.  Mr. Nastasi takes efforts to avoid police officers when in public.

23. As a result of the incident, Mr. Nastasi was suspended from his work as a teacher for one month and his reputation suffered a great deal.

24. Mr. Nastasi had previously won the 'teacher of the year award.'

25. As a result of the incident, Ms. Nastasi feels fear, anxiety, emotional distress, frustration, embarrassment, humiliation, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

26. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

27. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and is liable to plaintiff under 42 USC 1983.

28. Defendant has deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendant.

29. Defendant unreasonably and unjustifiably confined plaintiff.

30. Plaintiff was aware of, and did not consent to, his confinement.

31. The confinement was not privileged.

32. Plaintiff has been damaged a result of defendant's actions in an amount believed to equal or exceed $100,000.00

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

33. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

34. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and is liable to plaintiff under 42 USC 1983.

35. Defendant has deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendant.

36. The malicious prosecution was initiated by defendant without legal justification and without probable cause, in that defendant caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

37. Plaintiff has been damaged a result of defendant's actions in an amount believed to equal or exceed $100,000.00

## JURY DEMAND

38. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendant together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding $100,000.00, for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            May 9, 2012

By: _____

Justin Delle Cave

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075